FILED

JUL 30 2014

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| KIRSTI SICKLER,<br><br>Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | CV 13–122–M–DWM–JCL<br><br>ORDER |

I. **Status**

This matter began with the filing of a Complaint by Plaintiff Kirsti Sickler seeking judicial review of a decision of the Commissioner of Social Security. (Doc. 3.) This Court has jurisdiction to hear the Complaint pursuant to 42 U.S.C. § 405(g). Because of the nature of this action, it was referred upon filing to United States Magistrate Judge Jeremiah C. Lynch. *See* L.R. 72.2(a)(1). A briefing schedule was set. (Doc. 9.) Consent to Judge Lynch's jurisdiction having been either withheld or met with objection, the matter was referred to Judge Lynch for the entry of proposed findings of fact and recommendations for the disposition of all motions excepted from the jurisdiction of a United States Magistrate Judge

-1-

by 28 U.S.C. § 636(b)(1)(A). (Doc. 10.) Plaintiff Sickler filed a Motion for Summary Judgment. (Doc. 14.) After briefing was completed, Judge Lynch entered the proposed Findings and Recommendations now before the Court. (Doc. 21.)

## II. Standard of Review

The portions of Judge Lynch's proposed Findings and Recommendations to which any party objects are reviewed *de novo*, otherwise the report is reviewed for clear error. When proposed findings and recommendations are met with objection, the Court reviews the relevant portions of the United States Magistrate Judge's report *de novo*. 28 U.S.C. § 636(b). When no party objects, the Court reviews the report for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error is present only if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

## III. Analysis

After reviewing the parties' submissions on the pending Motion for Summary Judgment, Judge Lynch concluded that the Motion should be denied. The Plaintiff objects to portions of Judge Lynch's findings and the recommendation that her Motion for Summary Judgment be denied. Sickler

claims that Judge Lynch erred because the Administrative Law Judge (ALJ) in the administrative proceedings before the Social Security Administration now under review improperly considered the statements of examining physicians and Sickler's own testimony in reaching the conclusion that the Plaintiff is not disabled under the Social Security Act, 42 U.S.C. § 301 *et seq.*

### A. Medical Opinions

After *de novo* review of Judge Lynch's report, the parties' submissions, and the transcript of record, the Court adopts Judge Lynch's findings regarding the ALJ's treatment of medical opinions in the administrative proceedings below. Sickler contests Judge Lynch's findings as to the opinions of three examining physicians: Drs. Mahoney, Bukacek, and Vanichkachorn. To reject the controverted opinion of an examining physician, the ALJ must provide "specific and legitimate reasons that are supported by substantial evidence in the record." *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). The ALJ met this standard when considering the opinions of each examining physician.

As to Dr. Mahoney, Sickler argues that the ALJ "fudged" her score on the Global Assessment Functioning ("GAF") test to reach the conclusion that Dr. Mahoney's opinions were entitled to little weight. Contrary to Sickler's argument, the ALJ did not round or "fudge" the GAF score to reach the conclusions stated in

his decision. The ALJ stated that Dr. Mahoney assessed Sickler with a score of 60 on the GAF, which he noted, indicates moderate impairment of functioning. (Tr. at 30.) The ALJ went on to state that a score of 60 is one point away from the classification of mild impairment of functioning. (*Id.*) The ALJ did not round the score or state that Sickler should have been placed in the mild impairment category. (*Id.*) Rather, the ALJ noted that the GAF is not intended as a marker for assessing disability or competency and went on to conclude that reliance on the score reported is inconsistent with Dr. Mahoney's claim that Sickler is "not likely capable of employment." (*Id.*) Such an assessment is a specific and legitimate reason to discredit the examining physician's opinion. Sickler's claims as to Dr. Mahoney's second report are also without merit. The ALJ properly considered the second report and provided specific and legitimate reasons to discredit it. (*Id.*)

The ALJ also appropriately weighed the opinions of Drs. Bukacek and Vanichkachorn. The ALJ assessed the opinion of Dr. Vanichkachorn properly, with reference to specific legitimate reasons to afford the opinion moderate weight. (*See* Tr. at 29.) Contrary to Sickler's assertion, the ALJ did not substitute his own layman's opinion for that of the physician. The ALJ properly took conclusions drawn from the radiographic evidence and compared those conclusions to those reached by Dr. Vanichkachorn. (*See id.*) The ALJ's

comparison of Dr. Vanichkachorn's opinion to radiographic evidence in the record was not in error because comparison of such findings is precisely the task the ALJ is charged with. *See Richardson v. Perales*, 402 U.S. 389, 399-401 (1971). Additionally, Sickler's claim that her lack of previous medical treatment is not relevant to these medical opinions is without merit. The ALJ may properly consider the level or frequency of treatment for disabling conditions over the course of a Plaintiff's history of medical care in assessing medical opinions. *See Flaten v. Sec. of Health & Human Servs.*, 44 F.3d 1453, 1464 (9th Cir. 1995).

**B.     Sickler's Testimony**

After *de novo* review of Judge Lynch's report, the parties' submissions, and the transcript of record, the Court adopts the portion of Judge Lynch's report relating to Sickler's testimony. This portion of Judge Lynch's findings is well-reasoned and legally justified. The ALJ determined Sickler was only partly credible based in-part on her conservative treatment history. This determination is warranted and legally justified. *See id.* The ALJ did not improperly consider the Plaintiff's daily activities in assessing her credibility. Rather, the ALJ compared the Plaintiff's statements regarding her daily activities with her disability claim and found an inconsistency. (Tr. at 31-32.) The inferences reasonably drawn from the record, including the residual functional capacity assessment, are supported by

substantial evidence and free from error. Judge Lynch's findings and recommendation that the Plaintiff's Motion for Summary Judgement be denied will be adopted in full.

### C. Remaining Issues

No objection was lodged to any remaining portion of Judge Lynch's proposed Findings and Recommendations. The portions of Judge Lynch's report to which no party objects are free of clear error and will be adopted.

## IV. Conclusion

Judge Lynch properly decided the pending Motion for Summary Judgment. The ALJ decision below is supported by substantial evidence and is free of legal error.

IT IS ORDERED that the proposed Findings and Recommendations for disposition of this matter entered by United States Magistrate Judge Jeremiah C. Lynch, (Doc. 21), are ADOPTED IN-FULL.

IT IS FURTHER ORDERED that Plaintiff Kirsti Sickler's Motion for Summary Judgment, (Doc. 14), is DENIED.

IT IS FURTHER ORDERED that Commissioner's decision is AFFIRMED pursuant to 42 U.S.C. § 405(g). The Clerk of Court shall enter judgment in favor of the Commissioner and close this case.

DATED this 30th day of July, 2014.

_____
Donald W. Molloy, District Judge
United States District Court